UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ASHLEY McNEAL, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06-CV-306 RM |
| ) | |
| CHRIS A. PARSONS and ) | |
| HEARTLAND EXPRESS, ) | |
| ) | |
| Defendants ) | |

OPINION and ORDER

The court is required to inquire into its own subject matter jurisdiction. Johnson v. Wattenbarger, 361 F.3d 991 (7th Cir. 2004). Ashley McNeal's complaint does not allege the existence of jurisdiction. It alleges that "[d]efendants are a business under the laws of a State other than Indiana, has its principle [sic] place of business in a State other than Indiana and is a citizen of a State other than Indiana," but makes no allegations as to the citizenship of Heartland Express employee Chris Parsons. To invoke the federal courts' diversity jurisdiction, a party must establish complete diversity, that is, Ms. McNeal must satisfy diversity requirements for each defendant. Kamel v. Hill-Rom Co., Inc., 108 F.3d 799, 805 (7th Cir. 1997).

Although the case may be subject to dismissal on this ground, Tylka v. Gerber Prods. Co., 211 F.3d 445 (7th Cir. 2000), the court instead affords the

plaintiff twenty days from the date of this order within which to file an amended complaint alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332.

SO ORDERED.

Entered:  May 15, 2006

      /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:   counsel of record