```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION
```

ASHLEY McNEAL,                    )
                                  )
            Plaintiff             )
                                  )
       vs.                        )       CAUSE NO. 3:06-CV-306 RM
                                  )
CHRIS A. PARSONS and              )
HEARTLAND EXPRESS,                )
                                  )
            Defendants            )

## OPINION AND ORDER

Ashley McNeal sues Chris Parsons and Heartland Express for injuries resulting from an automobile collision that occurred in Marshal County Indiana. The court issued a show cause order on May 15, 2006, giving Ms. McNeal 20 days to file an amended complaint properly alleging jurisdiction. She didn't respond, so the court dismissed the case without prejudice. Ms. McNeal now moves to set aside judgment and for leave to amend her complaint. In support of her motion, she attaches a proposed amended complaint. Because her proposed amended complaint doesn't cure the deficiencies in her jurisdictional allegation, the court denies her motion.

If "a plaintiff wishes to amend the complaint pursuant to Rule 15(a) following the entry of judgment, he or she may do so only with leave of the court after a motion under Rule 59(e) or Rule 60(b) has been made and the judgment set

aside or vacated." Sparrow v. Heller, 116 F.3d 204, 205 (7th Cir. 1997). Ms. McNeal has made a timely request to set aside judgment.

Rule 8(a)(1) only requires "a short and plain statement" of the jurisdictional basis, but the basis must be alleged affirmatively and distinctly, and cannot be established argumentatively or by mere inference. McCready v. EBay, Inc., --- F.3d ----, 2006 WL 1881142, * 7 (7th Cir. 2006). That means a plaintiff who sues a corporation on the basis of diversity jurisdiction, "must allege both the state of incorporation and the state of the principal place of business for each corporation." Casio, Inc. v. S.M. & R. Co., Inc., 755 F.2d 528, 529-530 (7th Cir. 1985). Form 2(a), Forms Appendix of Federal Rules of Civil Procedure, demonstrates that a plaintiff properly invokes jurisdiction by alleging, according to the example provided, that a corporation is "incorporated under the laws of [the State of Connecticut] having its principal place of business in [the State of Connecticut]." Ms. McNeal's allegation in her proposed amended complaint that "[d]efendants are a business under the laws of a State other than Indiana, has its principle place of business in a State other than Indiana...", without more, doesn't inform the court under which state Heartland Express was incorporated. Because her proposed amended complaint doesn't affirmatively allege Heartland Express's state of incorporation, it doesn't sufficiently allege complete diversity. *See* Casio, Inc. v. S.M. & R. Co., Inc., 755 F.2d at 530.

Ms. McNeal also hasn't cured the deficiencies in her jurisdictional allegation regarding Mr. Parsons. If a party is a natural person, the complaint should allege

2

that he or she is a citizen of a particular state or a citizen or a subject of a named foreign country. *See* Wright & Miller, Federal Practice and Procedure: Civil 2d § 1208, at 101; *see also* Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co., 224 F.3d 139, 141 (2d Cir.2000) ("the failure to allege [the party's] citizenship in a particular state is fatal to diversity jurisdiction"); American Motorists Ins. Co. v. American Employers' Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979). A negative statement that a party isn't a citizen of a particular state will not suffice, absent an averment of the parties' particular state of citizenship. *See, e.g.,* Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co., 177 F.3d 210, 222 n.13 (3rd Cir. 1999) ("in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed"); McCracken v. Murphy, 328 F. Supp.2d 530, 532 (E.D. Pa. 2004). Mr. McNeal's allegation in her proposed amended complaint that "[Mr. Parsons] is a citizen of a State other than Indiana" doesn't sufficiently allege complete diversity.

Although Ms. McNeal timely moves to set aside judgment, her proposed amended complaint doesn't fix her jurisdictional allegation, so allowing leave to amend would be futile. Accordingly, her motion to set aside the dismissal and file an amended complaint is denied [Doc. No. 13]. *See* Crestview Village Apartments v. U.S. Dept. of Housing and Urban, 383 F.3d 552 (7th Cir. 2004).

SO ORDERED.

Entered:  July 19, 2006

                /s/ Robert L. Miller, Jr.
                Chief Judge
                United States District Court

cc:    counsel of record